IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| BURNS TILTON BOYD, #1153136 | § | |
| VS. | § | CIVIL ACTION NO. 9:04cv271 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND
ORDER OF DISMISSAL

Petitioner Burns Tilton Boyd, proceeding *pro se*, filed this petition for a writ of habeas corpus challenging his conviction pursuant to 28 U.S.C. § 2254. The petition was referred pursuant to 28 U.S.C. § 636(c).

Facts of the Case

The petitioner was indicted by a Tyler County Grand Jury for the offense of Burglary of a Habitation on November 13, 2002. The indictment included three enhancement paragraphs. On February 10, 2003, a jury found the petitioner guilty of the offense of Burglary of a Habitation. On the same day, the jury found at least two of the enhancement paragraphs to be "true" and assessed punishment at confinement in the Texas prison system for seventy years. The sentence was imposed on February 10, 2003. The Ninth Court of Appeals affirmed the conviction. *Boyd v. State*, No. 09-03-116-CR, 2004 WL 307325 (Tex. App. - Beaumont Feb. 18, 2004). The only ground of error raised on appeal concerned the instructions in the jury charge concerning the enhancement paragraphs. The ground of error was overruled. The Texas Court of Criminal Appeals refused his petition for discretionary review on July 28, 2004.

The petitioner filed an application for a writ of habeas corpus in state court on September 16, 2004. On September 21, 2004, the trial court issued an order denying the application for a writ of habeas corpus without a hearing. The Texas Court of Criminal Appeals subsequently considered the application and denied it without written order on November 17, 2004.

The present petition was filed on December 20, 2004. The petitioner raised the following grounds for relief:

1. Denial of effective assistance of counsel.

2. Denial of effective counsel/incompetent counsel.

3. The trial court failed to advise the defendant of his right to appeal.

4. The trial court failed to quash enhancement allegations.

5. The State failed to prove that each prior conviction alleged for habitual offender purposes became final before the offense leading to the next prior conviction was committed.

6. The State failed to prove his habitual offender status.

7. The failed to prove enhancement paragraphs since the State only recited cause number and county of prior convictions.

8. The trial court erred in dismissing the jury panel after the jury returned a guilty verdict and assessing punishment from the bench.

9. The trial court erred in admitting evidence of prior similar offenses for purposes of impeachment.

10. The petitioner never had a part in selecting jury panel and it was not racially balanced.

The Director filed an answer on April 14, 2005. The petitioner filed objections to the answer on April 27, 2005.

Discussion and Analysis

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1354, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

The prospect of federal courts granting habeas corpus relief to state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996. The new provisions of Section 2254(d) provide that an application for a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim— (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams v. Taylor*, 529 U.S. 362, 402-413 (2000); *Childress v. Johnson*, 103 F.3d at 1224-1225. The statutory provision requires federal courts to be deferential to habeas corpus decisions on the merits by state courts. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

A decision by a state court is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the law set forth in" the Supreme Court's cases. *Williams v. Taylor*,

529 U.S. at 405-06. A federal court's review of a decision based on the "unreasonable application" test should only review the "state court's 'decision' and not the written opinion explaining that decision." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (*en banc*). "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas corpus court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. at 411. Rather, that application must be objectively unreasonable. *Id.* at 409. The standard is satisfied only if "reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir 1998) (internal quotation marks and citations omitted).

The trial court's factual findings are entitled to a presumption of correctness unless the petitioner can rebut the presumption with clear and convincing evidence to the contrary. *Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001). A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142, 149-152 (5th Cir. 2003). A state application denied without written order by the Texas Court of Criminal Appeals, as in the present case, is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits).

As will be shown, the petitioner is not entitled to relief because he has not shown, as required by 28 U.S.C. § 2254(d), that the State court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the

Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. *See Moore v. Cockrell*, 313 F.3d 880, 882 (5th Cir. 2002).

As a preliminary matter, the Director noted that the petitioner discussed for the first time in the present petition a claim that prison officials confiscated his legal materials and are endangering his life by classifying him as a member of a security threat group. *See* petitioner's brief, at 1. The Director argued that this claim was not exhausted and is procedurally barred. It is true that state prisoners are required to exhaust all remedies available in state court before proceeding in federal court unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b). In order to exhaust properly, a state prisoner must "fairly present" all of his claims to the state court. *Picard v. Connor*, 404 U.S. 270 (1981). This means that the petitioner must have informed the state court system of the same facts and legal theories upon which he bases his assertions in his federal habeas petition. *Id.* at 276-77; *Dispensa v. Lynaugh*, 847 F.2d 211, 217-18 (5th Cir. 1988). It is further noted that if a Texas prison inmate's petition contains both exhausted and unexhausted claims, then the unexhausted claims are procedurally barred. *See Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir.), *cert. denied*, 515 U.S. 1153 (1995); *Emery v. Johnson*, 139 F.3d 191, 200-02 (5th Cir. 1998). A petitioner may overcome the procedural bar by demonstrating either cause and prejudice for the default or that a fundamental miscarriage of justice would result from the court's refusal to consider the claim. *Fearance*, 56 F.3d at 642. In the present case, however, the petitioner did not discuss the confiscation of his papers as a ground for relief. He merely noted the problems he had preparing the petition due to the confiscation of his papers. His complaint is duly noted, and the Court will proceed to his ten grounds for relief.

The petitioner's first ground for relief is that he was denied effective assistance of counsel. In order to succeed on a claim of ineffective assistance of counsel, a habeas corpus petitioner must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981). *See also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984). Secondly, the habeas petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. He must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id.* at 697.

The petitioner alleged that his attorney was ineffective and negligent for not protecting his appellate rights. His rights pertaining to his past history and the way he was portrayed to the jury were not protected. In his brief, he added that his trial attorney and appellate attorney were ineffective because they failed to protect him against the State's portrayal of him as a burglar and dishonest man. The petitioner did not provide any factual discussion to support his allegations. He offered nothing other than conclusory allegations and bald assertions, which are insufficient to support a petition for a writ of habeas corpus. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir.

1983); *Joseph v. Butler*, 838 F.2d 786, 788 (5th Cir. 1988). Moreover, the fact of the matter is that his right to appeal was protected, and the court of appeals issued an opinion regarding the grounds of error raised on appeal.

In his brief, the petitioner also alleged that his attorney failed to present witnesses. A defense attorney has a duty to conduct a reasonable amount of pretrial investigation. *See Nealy v. Cabana*, 764 F.2d 1173, 1177 (5th Cir. 1985); *Lockhart v. McCotter*, 782 F.2d 1275 (5th Cir. 1986). *See also Ex parte Duffy*, 607 S.W.2d 507 (Tex. Crim. App. 1980). The duty includes seeking out and interviewing potential witnesses. *Lockhart*, 782 F.2d at 1282; *Williams v. Beto*, 354 F.2d 698 (5th Cir. 1965). To succeed on the claim, however, petitioner must show that had counsel investigated the claim he would have found witnesses to support the defense, that such witnesses were available, and had counsel located and called these witnesses, their testimony would have been favorable and they would have been willing to testify on his behalf. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985); *Gomez v. McKaskle*, 734 F.2d 1107, 1109-10 (5th Cir.), *cert. den.,* 469 U.S. 1041 (1984). Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982); *Vail v. Procunier*, *supra*. The petitioner totally failed to develop this claim. He only made the conclusory claim that his attorney failed to present witnesses.

The petitioner complained about the introduction of evidence about his past. However, when the petitioner testified in his own behalf, the State was entitled to introduce evidence to raise questions about his credibility, including evidence of his past convictions. The petitioner's attorneys were not ineffective because the prosecutors pursued an appropriate method of attacking his testimony. Overall, the petitioner has not shown that his lawyers' representation was deficient or

that he was prejudiced by such deficient representation. The first ground for relief lacks merit, and relief should be denied.

The petitioner's second ground for relief is also a claim of ineffective assistance of counsel. He alleged that his attorney, Robert H. Mann, was incompetent and failed to protect his right to appeal. Once again, the petitioner has presented nothing other than conclusory allegations and bald assertions, which are insufficient to support a petition for a writ of habeas corpus. *See Ross v. Estelle*, 694 F.2d at 1011; *Joseph v. Butler*, 838 F.2d at 788. Moreover, his conviction was appealed. The petitioner has not shown prejudice as a result of any of Mr. Mann's actions.

The third ground for relief is that the trial court failed to tell him about his right to appeal. Regardless of any error that the trial court may have made for failing to tell him about his right to appeal, the fact remains that the petitioner had an appeal. He cannot show harm, thus he is not entitled to federal habeas corpus relief because the trial court failed to tell him about an appeal.

The fourth ground for relief is that the trial court failed to quash the enhancement paragraphs. In support of this claim, he merely alleged that the trial court failed to subpoena witnesses and his attorney regarding this claim. He provided no factual or legal discussion for showing that the enhancement paragraphs should have been quashed. Once again, he provided nothing more than conclusory allegations, which are insufficient for obtaining federal habeas corpus relief. The Director correctly noted that allegations of error were discussed by the Ninth Court of Appeals, which held that relief was available only if the petition showed that the harm was egregious and the court found that there was no fundamental error. *Boyd v. State*, at *1. The petitioner has not shown, as required by 28 U.S.C. § 2254(d), that the State court findings in this matter resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as

determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. *See Moore v. Cockrell*, 313 F.3d 880, 882 (5th Cir. 2002). The petitioner has not shown that he is entitled to relief on his fourth ground of error.

Grounds five, six and seven are related to ground for relief number four. In ground for relief number five, the petitioner alleged that the State failed to prove that each prior conviction alleged for habitual offender purposes became final before the offenses leading to the next prior conviction was committed. In ground for relief number six, he alleged that the State failed to prove habitual offender status. In ground fore relief number seven, he complained that only the cause number and county of prior convictions were included. The Ninth Court of Appeals noted that even though the trial court committed error in its jury charge, the evidence was sufficient to satisfy Section 12.42 of the Texas Penal Code that requires the State to prove the defendant had previously been convicted of two felonies and the first felony became final before the second occurred. *Boyd v. State*, at *1. The petitioner has not shown that the decision of the appellate court was error. He likewise failed to show, as required by 28 U.S.C. § 2254(d), that the State court findings in this matter resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. *See Moore v. Cockrell*, 313 F.3d at 882. He has not shown that he is entitled to federal habeas corpus relief regarding the enhancement of his sentence.

The Court would add that federal courts review habeas petitions for a "constitutional infraction of the defendant's due process rights which would render the trial as a whole

9

fundamentally unfair." *Lavernia v. Lynaugh*, 845 F.2d 493, 496 (5th Cir. 1988). "The test applied to determine whether a trial error makes a trial fundamentally unfair is whether there is reasonable probability that the verdict might have been different had the trial been properly conducted." *Foy v. Donnelly*, 959 F.2d 1307, 1317 (5th Cir. 1992). The standard of review in the context of habeas corpus proceedings is very narrow, and not a broad exercise of supervisory power. *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (citations omitted). The petitioner has not shown that the trial court committed any errors that made the trial fundamentally unfair. As the appellate court noted, the trial court made an error but the evidence was sufficient for the jury to find that the petitioner was a habitual criminal as provided by Section 12.42 of the Texas Penal Code.

The eighth ground of error is that the trial court erred in dismissing the jury panel after the jury returned a guilty verdict and then assessing punishment from the bench. The facts of the case do not support the petitioner's claim. The jury was present during the punishment phase and assessed the punishment. *See* State of Facts, pages 141-43. During the punishment phase, the State present evidence concerning the petitioner's prior convictions. *Id*. at 125-133. The petitioner then admitted that he had the prior convictions, but he argued that he was not guilty. *Id.* at 133-135. The petitioner then rested. *Id.* at 135. The jury heard the petitioner's defense, did not believe it and found that at least two the enhancement paragraphs were "true." *Id*. at 143. The petitioner's eighth ground for relief lacks basis in fact.

The ground for relief should be denied for the additional reason that the petitioner has not shown, as required by 28 U.S.C. § 2254(d), that the State court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on

an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. *See Moore v. Cockrell*, 313 F.3d at 882.

The ninth ground for relief is again the claim that the trial court committed error in admitting evidence of prior similar offenses for purposes of impeachment. However, when the petitioner testified in his own behalf, the State was entitled to introduce evidence to raise questions about his credibility, including evidence of his past convictions.

The final ground for relief is that the petitioner never had any part in selecting the jury panel and that it was not racially balanced. Once again, the petitioner has offered nothing other than conclusory allegations and bald assertions, which are insufficient to support a petition for a writ of habeas corpus. *See Ross v. Estelle*, 694 F.2d at 1011; *Joseph v. Butler*, 838 F.2d at 788. Moreover, the petitioner did not make a challenge at trial based on *Batson v. Kentucky*, 476 U.S. 79 (1986). He did not preserve the issue for federal habeas corpus review. *Harris v. Collins*, 990 F.2d 1985, 1987 (5th Cir. 1993). He is not entitled to relief on this ground.

In conclusion, the Court finds that the petitioner's various claims were conclusory. He simply failed to show that he is entitled to federal habeas corpus relief with respect to any of his claims. Moreover, he has not shown that he is entitled to relief because he failed to show, as required by 28 U.S.C. § 2254(d), that the State court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. *See Moore v. Cockrell*, 313 F.3d at 882. The Petitioner has not shown that he is entitled to a federal writ of habeas corpus. It is accordingly

**ORDERED** that the petition is **DISMISSED** with prejudice.  It is further

**ORDERED** that all motions by either party not previously ruled on are hereby **DENIED**.

**SIGNED** this **23** day of **May, 2005.**

_____
HARRY W. McKEE
UNITED STATES MAGISTRATE JUDGE